HIPÓLITO VEGA ROSARIO, Appellant, v. THE REGISTRAR OF PROPERTY OF ARECIBO, Respondent. MARIA DEL CARMEN COLL WIDOW OF COLÓM JOY, Appellant, v. THE REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

Nos. O-68-212, O-68-219.      Decided May 14, 1969.

*Ángel Rivera Colón* for appellants. The Registrar appeared by brief.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

We consolidated this appeal with appeal O-68-219.

In the present appeal the Registrar of Property of Arecibo recorded a decree on dominion title proceeding "containing the curable defects of failing to set forth the civil status of Francisco Crespo Escalera when the sale of the real property was performed and to accredit the payment of inheritance tax or exemption in the intestate's property of decedent Francisco Crespo Escalera, . . . ."

At the request of appellants and of the Registrar of Property we dismissed the appeals as to the curable defect of having failed to accredit the payment or exemption of inheritance tax and we ordered to continue with the proceeding as to the other curable defect.

In the decree on dominion title proceeding it is stated that petitioner acquired the property letter (A) by purchase from Pedro Losada Rodríguez and his wife Marcelina Morales who in turn acquired it by purchase from Francisco Crespo Escalera on March 9, 1948. He acquired the property letter (B) by purchase also from spouses Losada Morales who in turn acquired it at a public sale in February 1953 in the case on the Judicial Administration of estate of decedent, Francisco Crespo Escalera.

In the consolidated appeal O-68-219 the Registrar of Property recorded another decree on dominion title proceeding "containing the curable defect of failing to set forth the civil status of each one of the former owners when the property was sold."

In the decree which gave rise to this appeal the names of the immediate vendors and their status are set forth, as well as the names of the former owners without indicating the civil status of the latter.

■ Contrary to what the registrar alleges, the failure to indicate the civil status of each one of the former owners, other than the immediate ones, when the property was sold is not a curable defect.

Pursuant to art. 440 of the Mortgage Regulations (30 L.P.R.A. § 1596), records to be made for the purpose of establishing ownership or possession which may have been proved by the means set forth in art. 390 *et seq.* of the Mortgage Law (30 L.P.R.A. § 732 *et seq.*) "shall conform to the rules contained in this title for records in general, and shall in addition state the special details which each case may demand, as shown in the documents presented to the registrar for the record."

The rules for records in general, to which art. 440 of the Mortgage Regulations refers, are contained in art. 9 of the Mortgage Law and in arts. 63 and 75 of its Regulations. The aforesaid art. 9 provides that every record made in a registry shall set forth the following details:

"6. The name and surname of the person, or the name of the corporate body or legal entity from *whom the property or rights* to be recorded *are immediately derived."* (Italics supplied.)

On the other hand, art. 63 of the Mortgage Regulations provides:

"In order to indicate exactly the estates and rights which may be the subject of the records, registrars shall observe the following rules in carrying out the provisions of section 34 of

this title [details which shall be set forth in the records according to art. 9 of the Law]:

"    .    .    .    .    .    .    .    .

"Ninth. The names to be stated in the record shall be expressed as they appear in the instrument, and the registrar shall not be permitted, even with the consent of the parties, to add or omit any name. To the name shall be added the age, civil status, occupation and domicile."[1]

We have already seen that with regard to the grantor of the dominion or the right, art. 9 of the Law merely requires the name and surname of the person from whom the property or rights to be recorded are immediately derived. Likewise in art. 391 of the Law (30 L.P.R.A. § 733) it is provided that the petition for the institution of the proceeding shall state the name and surname of the person from whom the property or property right may have been acquired. None of the provisions of the Law or its Regulations require the names and even less the personal circumstances of the other former owners of the property or rights conveyed.[2]

■ In this appeal O-68-212 it is stated in the decree granting dominion title proceeding that petitioner acquired both properties by purchase from Pedro Losada Rodríguez and his wife Marcelina Morales, the civil status of the persons from whom the property was immediately derived being thus set forth and it being unnecessary, as we have already said, to state the personal circumstances of all the

---

[1] When indicating the order in which the records of any kind shall be made, art. 75 of the Regulations provides in its third subsection: "The name and title of the person conveying the right or the name of the corporation or legal entity who is the last grantor thereof."

Under the Spanish mortgage law, the personal circumstances of the persons whose names must be stated in the record should be added, if they appeared from the title. This last condition, "if they appeared from the title," was eliminated from our Mortgage Regulations. See 1 Galindo and Escosura, *Legislación Hipotecaria* 560 et seq.; 2 Morrell, *Legislación Hipotecaria* 147 et seq.; 2 Roca Sastre, *Derecho Hipotecario* 421.

[2] See *Land Authority* v. *Registrar*, 65 P.R.R. 303 (1945).

owners previous to spouses Losada Morales, the registrar erred in making the recording of said properties with the curable defect annotated in his note for which the same should be reversed.

In appeal O-68-219, the civil status of the immediate former owners is not stated in the decree, as required by art. 63 of the Mortgage Regulations and the registrar's note shall be affirmed as to that respect only.